Robert V. Woodruff and Kathleen F. Woodruff v. Commissioner.
Woodruff v. Commissioner
Docket No. 652-69 SC.
United States Tax Court
T.C. Memo 1969-278; 1969 Tax Ct. Memo LEXIS 12; 28 T.C.M. (CCH) 1436; T.C.M. (RIA) 69278; December 22, 1969, Filed Earl Schuller, 5670 Wilshire Blvd., Los Angeles, Calif., for petitioners. Robert H. Feldman, for respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined a deficiency in petitioners' income tax in the amount of $334.05 for the year 1966. The only question presented is whether during 1966 petitioners provided more than one-half of the total support of Robert's two sons, Robert and Michael, and *13 daughter, Lorie. Findings of Fact Most of the facts were stipulated by the parties. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Robert V. Woodruff (hereinafter Robert or petitioner) and Kathleen F. Woodruff (hereinafter Kathleen) are husband and wife and were residents of La Puente, California, at the time the petition herein was filed. Robert and Kathleen filed a joint Federal income tax return for the calendar year 1966 with the district director of internal revenue, Los Angeles, California. Kathleen is a party to the case only by virtue of the fact that she filed a joint return with Robert for the year in question. Reference, therefore, to the petitioner will at all times hereinafter be restricted to Robert. On April 18, 1962, the Superior Court of the State of California in and for the County of Los Angeles granted an interlocutory judgment of divorce to petitioner's former wife, Patricia Ann Woodruff (hereinafter Patricia). The decree awarded custody of the three Woodruff children (Robert, Michael and Lorie) to Patricia, and ordered petitioner, inter alia, to pay child support of $36 per week ($12 *14 per child) commencing April 21, 1962, and attorney's fees in the amount of $100. A final judgment of divorce was entered by the Court on May 16, 1963. Since this date, the children have lived with their mother. During the year in question, the oldest child was eight years of age. An order modifying the interlocutory judgment of divorce was issued by the Superior Court on July 12, 1965. The order directed petitioner to pay a total of $45 per week ($15 per child) for the support of the children and to make all future child support payments through the office of the Court Trustee under Rule 28 of that Court. In the above proceeding, dated July 12, 1965, Patricia filed a declaration in which she stated that her net take-home pay was $21 per week, that she had no other income, and that the expenses of the three children totaled $240 per month. The Trustee's statement discloses that from August 7, 1964 through December 31, 1965, payments totaling $2,341 were received from petitioner. During this period, petitioner was responsible for payments totaling $2,844. Accordingly, an unpaid balance of $503 existed as of January 1, 1966. The Trustee's statement also discloses that during 1966, *15 the Trustee received payments from petitioner in the amount of $2,005, and that a total of $2,275 was 1437 disbursed to Patricia during the year. The difference of $270 represents payments made by petitioner in 1965 which were transferred from an old account to the Trustee's Rule 28 account on January 19, 1966. On December 11, 1967, petitioner filed a Form 3420 declaration with respondent, entitled "Information to Support Deduction for Each Dependent Claimed on Your Return." In this declaration petitioner claimed that he furnished a total of $2,340 toward the support of the three dependents in issue. The declaration also contained, in pertinent part, the following statement: It is not known what total support costs are, but at a court appearance in August the fact was brought out that the O'Koren family has a total income of $390.00 per month. There are six people living in that household, including my three children. On February 19, 1968, Patricia filed a Form 2038, "Information to Support Exemption Claimed for Dependent on Federal Income Tax Return," with respondent, containing an itemization of the amounts allegedly spent by her for support during 1966. Claimed expenditures *16 therein enumerated totalled $3,044. Following her divorce from petitioner and sometime prior to July, 1965, Patricia married Leroy E. Okoren (hereinafter Leroy). In February 1966, Leroy obtained new work as a ranch hand. The Okorens filed a joint Federal income tax return for 1966 in which they claimed six exemptions, including the three children of Patricia's former marriage and another child. These six individuals comprised the Okoren household in 1966. The claimed exemptions for Robert, Michael and Lorie were disallowed in a statutory notice of deficiency issued to the Okorens on June 5, 1969. The matter is presently pending before the Appellate Division of the Internal Revenue Service in San Francisco. Similarly, respondent's notice of deficiency, mailed to petitioners on November 15, 1968, denied dependency deductions for each of these children. Opinion The question presented for our decision is whether petitioners are entitled to deductions in 1966 for personal exemptions relating to Robert's three children by a prior marriage. To establish entitlement to such deductions, petitioner has the burden of showing first, the total cost of the children's support for the year in *17 question, and second, that he expended more than half of that amount. [1]. The question is purely factual. Crucial to this factual showing is the establishment of a total support figure so that this Court can be in a position to determine whether petitioner's contribution exceeded 50 percent of the aggregate. . *18 Though in a small claims case, such as the one now before us, evidence, regarding such matters as total support, will be considered though it is lacking in absolute preciseness, [2] no judicial standard can be considered by this Court if such a standard departs from the mandate of an undisputed and controlling statute. In the case at bar, petitioner has not made a showing of total support for the year 1966. Instead he would have us assume a conjectural figure for that year based upon evidence (Patricia's statement in the July 12, 1965, Superior Court proceeding) which pertains to a prior year (1965). For the reason stated above, this we cannot do. Petitioner was, admittedly, unable to conveniently call Patricia as a witness. However, without such testimony, or other evidence showing Patricia's support contributions for the year in question, we must regard petitioner's statement in the Form 1438 3420 filed with respondent, in which he stated in part "It is not known what total support costs are", as controlling. Lastly, we are not influenced by the fact that respondent has seen fit to contest the dependency *19 deductions claimed by Leroy and Patricia for the year 1966. Notwithstanding this seemingly inconsistent position necessitated by considerations of protecting the fisc, the fact remains that, within our awareness, 1966 was the first full year that Patricia was married to her second husband, and that it was also a year in which Leroy undertook new employment. Even so, no effort was made by petitioner to establish the extent of Leroy's support contributions or to contradict the Okoren's support computations contained in a sworn statement filed by Patricia and received into evidence for the purpose of establishing the existence of its contents. Decision will be entered for the respondent. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - * * * (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. * * * SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * * The support test in the case of legally separated or divorced taxpayers is now governed by section 152(e). However, since section 152(e) is limited to taxable years beginning after December 31, 1966, our consideration will be restricted to the language of section 152(a)(1) quoted above.↩
2. See e.g. .↩